# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA
# PHOENIX DIVISION

CASSIDY SCRUGGS,

    *Plaintiff,*

v.

GRAND CANYON UNIVERSITY and
DOES 1-10, inclusive,

    *Defendants*.

Case No.

## COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, Cassidy Scruggs, by and through her attorney, The Law Office of Keith Altman, with her Complaint against Defendant Grand Canyon University and Request for Jury Demand, hereby states the following:

1. This is an action seeking damages for Defendant's violation of Title III of the Americans with Disabilities Act ("ADA"), Defendant's violation of Section 504 of the Rehabilitation Act of 1973, breach of contract, breach of duty of good faith and fair dealing, violation of the Arizona Unfair Business Practices Act, and negligence. This action also seeks injunctive relief against Defendant.

## PARTIES

2. Grand Canyon University ("GCU") is a private for-profit university domiciled in Phoenix, Arizona.

3. Plaintiff Cassidy Scruggs ("Plaintiff" or "Cassidy") is a former student of GCU and is a citizen of the state of Oregon.

## JURISDICTION & VENUE

4. This action arises under the laws of the United States, and therefore this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

5. This action arises under the following federal statutes: a) The Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq., amended by the Americans with Disabilities Amendments Act (ADA-AA) with an effective date of January 1, 2009, which, at Title III of the ADA, prohibits discrimination by public accommodations. b) The Rehabilitation Act of 1973, § 504, as amended, 29 U.S.C.A. §§ 794 and 794a, including the conforming amendment of the ADA-AA which changes the definition of "disability" under §504 to conform to the definition of "disability" under ADA-AA.

6. Under 42 U.S.C.A. § 12181(7)(J), Defendant is considered a public accommodation despite it being a private entity.

7. Defendant has its principal place of business in Phoenix, Arizona, transacts business in this District, has subjected itself to this Court's jurisdiction through such activity, and a substantial part of the events and omissions giving rise to this claim occurred in this District. Accordingly, the venue is proper in this District under 28 U.S.C. § 1391.

8. This action is properly venued in the Phoenix Division of the District Court of Arizona because Defendant is located within the division, and all the events occurred within the division, at GCU's Phoenix, Arizona campus.

9. In accordance with 28 U.S.C. § 1367, this Court also has supplemental jurisdiction over Plaintiff's state law claims because these claims are related to the federal question claims listed above and the state law claims are part of the same controversy as the federal claims.

## FACTUAL ALLEGATIONS

10. Cassidy was admitted to GCU's Bachelor of Science in 2017 and to GCU's Nursing program in August 2019.

11. Cassidy is not an average nursing student. Unlike many of her peers, Cassidy is a survivor of childhood metastatic stage 4 cancer, and experiences long-term side effects.

12. At seven years old, Cassidy underwent chemotherapy, radiation, the removal of one of her kidneys, and had part of her left lung removed.

13. Cassidy's history of chemotherapy, radiation, removal of kidney, and partial removal of her left lung, makes Cassidy more at risk for several organ systems late effects and has increased risk of more severe effects of an illness such as strep throat.

14. Cassidy also suffers from severe chronic constipation and slow gut due to her exposure to radiation and surgery. This has been associated with partial and complete small bowel obstruction.

15. Despite her chronic health issues due to being a cancer survivor, Cassidy holds herself to the highest standards and is the kind of person the medical profession will be proud to have as a member.

16. Cassidy is a recipient of the Beyond the Cure Ambassador Scholarship ("Scholarship") from the National Children's Cancer Society ("NCCS"). Cassidy is also an ambassador for the NCCS.

17. The NCCS sent GCU a Scholarship check every semester, on behalf of Cassidy, during all the years that Cassidy attended GCU.

18. Cassidy also provided GCU with a copy of the Scholarship confirmation emails she received from NCCS. Cassidy provided these emails to her academic counselor at GCU, Eme Gunder-Heier.

19. In the Fall Semester of 2020, Cassidy was taking a course titled 'NSG-436 Leadership, Ethics, and Policy in Health Care' ("NSG-436"), taught by Professor Casey Mix-McNulty ("Professor Mix-McNulty").

20. Cassidy wrote an essay discussing her medical history as part of an assignment for the NSG-436 class. This essay was graded by Professor Mix-McNulty.

21. Between October and December of 2020, Cassidy suffered from a bout of strep throat.

22. On November 1, 2020, Cassidy's condition substantially worsened due to her serious preexisting conditions, and she had to be admitted to the Emergency Room ("ER") with serious complications. These complications included severe pain and dehydration, inability to breathe properly, and inability to eat.

23. Because of this illness, Cassidy was physically and cognitively unable to keep up with her schoolwork and properly advocate for herself.

24. The same day that Cassidy got admitted to the ER, Cassidy messaged Professor Mix-McNulty to let her know she was very sick and would not be able to submit her benchmark assignment ("Assignment") on time.

25. Cassidy's professor instructed Cassidy to contact GCU's Student Disability Services ("SDS").

26. Cassidy contacted SDS on Monday, November 2, 2020.

27. On November 3, 2020, SDS instructed Cassidy to submit an Absentee Verification Form. That same day, Cassidy submitted an Absentee Verification Form with SDS to account for her not being able to submit the Assignment on time. Cassidy did not hear back from SDS.

28. Because of the stress of the illness and her preexisting condition, Cassidy did not have a bowel movement in almost 10 days. Cassidy tried to eat the night of November 3, 2020, but it caused severe nausea and stomach pain. Because of this, Cassidy could not sleep and spent the night on the bathroom floor.

29. On November 4, 2020, Cassidy continued to be too ill to attend classes, so Plaintiff emailed her Critical Care professor and updated the professor on her illness.

30. That same day, Cassidy had to have two enema procedures to obtain mild relief from her severe constipation. Cassidy continued to be physically and cognitively impaired to follow up with SDS, update them, and properly advocate for herself because Cassidy continued to be severely dehydrated and unable to eat.

31. On Friday, November 6, 2020, Cassidy began experiencing symptoms of an allergic reaction to the antibiotics she was prescribed to treat the strep throat. By November 6, 2020, Cassidy had still not received any response from SDS regarding a new deadline for the Assignment.

32. On November 7, 2020, Cassidy woke up covered in painful hives and a burning rash over much of her body, putting her in even more pain than she previously experienced.

33. On November 8, 2020, Cassidy's hives worsened significantly. Cassidy's body was covered in hives and was in incredible pain. Cassidy called the on-call doctor at her primary care physician's office again, and they advised her to try some over-the-counter treatments and stop taking the antibiotics for strep throat.

34. Cassidy continued to be physically and cognitively impaired due to the allergic reaction that her body was experiencing.

35. By November 8, 2020, Cassidy had still not received any response from SDS regarding a new deadline for the Assignment.

36. On Monday, November 9, 2020, Cassidy went to Urgent Care because her condition was not improving. Cassidy's condition was officially diagnosed as an allergic reaction to the antibiotics and was prescribed several medications to battle the allergic reaction. This treatment finally provided Cassidy with sufficient relief to allow her to finish her Assignment. That same day, Plaintiff submitted her Assignment.

37. Cassidy had the initiative to submit the Assignment as soon as she was physically and mentally able to, even though Cassidy had not heard back from the SDS with a new deadline.

38. The same day that Cassidy turned in her assignment, Sue Green, BSN's prelicensure instructional director, emailed Cassidy asking her to submit her doctor's note to SDS.

39. After Cassidy turned in her Assignment, the grade listed for the Assignment in LoudCloud (the student portal) was a 0 out of 150.

40. Cassidy reached out to Professor Mix-McNulty to ask about her grade. Professor Mix-McNulty responded that Cassidy needed to file her forms with SDS to get the due date extended. Cassidy informed Professor Mix-McNulty that she had already contacted SDS and provided SDS with the information that SDS requested.

41. Approximately a week later, Professor Mix-McNulty informed Cassidy that the Assignment was three days late and therefore Cassidy's grade was reduced by 30%: 10% for each day it was late. However, the SDS never notified Cassidy of a new deadline, nor informed Cassidy that the new deadline was going to be November 6, 2020.

42. Following the reduction of her grade in the Assignment, the LoudCloud portal reflected Cassidy's grade for her NSG-436 class as a passing grade. The portal also showed that Cassidy obtained a letter grade "A" in both of her final exams and that she had passed all her classes.

43. In Late December, during Cassidy's winter break, Cassidy looked on LoudCloud again to check on her class schedule for Cassidy's next and final

semester. LoudCloud was still showing that Cassidy passed all her classes and was still registered for the Spring 2021 semester.

44. On January 2, 2021, when Plaintiff returned from Oregon to GCU campus to begin her last semester of nursing school, Cassidy found out that she had been dismissed from GCU.

45. GCU did not provide, and Cassidy did not receive, any warning or notice of her dismissal whatsoever, and her LoudCloud portal still showed a passing grade for the NSG-436 course, robbing Cassidy of the chance to appeal the course grade before the end of the semester.

46. Cassidy later discovered that she would have passed the NSG-436 class but for the 30% deduction in the grade of her Assignment.

47. On January 8, 2021, Cassidy submitted her first appeal to GCU. The appeal was denied on January 11, 2021.

48. On January 29, 2021, Cassidy submitted a second appeal providing additional evidence showing extenuating circumstances of her life-threatening medical condition and GCU's failure to inform her of the Assignment's new deadline.

49. On April 5, 2021, GCU denied Cassidy's second appeal, exhausting Cassidy's remedies.

50. The denial of the appeal did not consider the new evidence submitted in accordance with GCU's policy handbook, ignored that Cassidy was not informed of the deadline extension, and was incorrect on the timeline of events surrounding Cassidy's request for an extension.

51. Subsequently, Cassidy's counsel submitted a General Counsel letter on June 1, 2021. GCU's response to the letter contained many factual errors and attempts to minimize Cassidy's illness.

## CAUSES OF ACTION

### I. FIRST CAUSE OF ACTION
### Discrimination against Plaintiff in Violation of Title III of the ADA

52. Plaintiff adopts by reference the preceding Factual Allegations (¶¶10-51).

53. Upon information and belief, Defendant GCU is a private university receiving federal funds.

54. Defendant GCU is subject to the Americans with Disabilities Act because Defendant GCU is a public accommodation. 42 USCS § 12181 (7)(J). The ADA defines a public accommodation as an "[…] elementary, secondary, undergraduate, or postgraduate private school". *Id.*

55. Title III ADA prohibits the discrimination of a person on the basis of disability "by any person who owns, leases (or leases to), or operates a place of public accommodation". 42 USCS § 12182(a).

56. Plaintiff is a person with a disability. Under the ADA, a disability is defined as "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 USCS § 12102.

57. Major bodily functions are major life activities. 42 USCS § 12102. The ADA establishes that "a major life activity also includes the operation of a major bodily function, including but not limited to, functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions". *Id.*

58. Plaintiff's exposure to chemotherapy and radiation at seven years old, as well as the removal of Plaintiff's kidney, and the partial removal of Plaintiff's left lung, have damaged several of Plaintiff's major bodily functions. Plaintiff's cancer treatment permanently weakened Plaintiff's immune system and has caused Plaintiff severe chronic constipation and slow gut.

59. Plaintiff's major bodily functions are impaired. Plaintiff's body cannot battle illnesses in the same way as other individuals can. Moreover, Plaintiff will experience severe pain due to her chronic constipation and slow gut diagnosis. Also,

Plaintiff must monitor and constantly be vigilant of her nutrition and hydration to avoid damaging her one remaining kidney.

60.     Defendant GCU discriminated against Plaintiff when Defendant GCU refused to provide Plaintiff with *adequate* time to recover from an illness, even though it takes Plaintiff longer to recover from illnesses due to her disability.

61.     Defendant GCU also discriminated against Plaintiff when Defendant deliberately expelled Plaintiff from the GCU nursing program even though Defendant knew or should have known that the only reason Plaintiff failed the NSG-436 class was because of Plaintiff's disability.

62.     As a direct and proximate result of Defendant GCU's unlawful discrimination, Plaintiff has sustained and will continue to sustain injuries and damages.

## II.   SECOND CAUSE OF ACTION
### Violation of Section 504 of the Rehabilitation Act

63.     Plaintiff adopts by reference the preceding Factual Allegations (¶¶10-51).

64.     Upon information and belief, GCU is a private university receiving federal funding and is therefore subject to Section 504 of the Rehabilitation Act of 1973.

65. Plaintiff is a cancer survivor and the treatment she received damaged several of Plaintiff's major bodily functions. Plaintiff has a disability under the ADA and the Rehabilitation Act.

66. Despite Plaintiff's academic abilities qualifying her for Defendant GCU's nursing program, Plaintiff was discriminated against when Defendant GCU denied her the benefits of the nursing program by not providing reasonable and adequate time for Plaintiff to recover form an illness -worsened by Plaintiff's disability- and submit her Assignment. Thus, Defendant GCU denied Plaintiff the equal opportunity to receive an education as a student without a disability.

67. As a direct and proximate result of Defendant GCU's unlawful discrimination, Plaintiff has sustained and will continue to sustain injuries and damages.

### III. THIRD CAUSE OF ACTION
### Breach of Contract

68. Plaintiff adopts by reference the preceding Factual Allegations (¶¶10-51).

69. Plaintiff and Defendant GCU entered into a contract when Plaintiff enrolled at GCU. In return for monetary payment, Defendant GCU was to provide Plaintiff with an education subject to the terms and conditions created by GCU.

70. The contract establishes that GCU "does not discriminate on the basis of age, race, color, national origin, gender, disability, or any other classification protected by law in its programs and activities."[1]

71. The contract further establishes that GCU educates "nurses within a dedicated and supportive community of Christian values."[2] Additionally, GCU was to value "teaching with an individual focus on the learner."[3]

72. The contract also states that "[t]echnical issues are not valid excuses for late work unless the problem stems from GCU servers"[4].

73. Defendant GCU breached the contract when GCU discriminated against Plaintiff due to her disability by expelling her for an issue that was due to Plaintiff's disability.

74. Additionally, Defendant GCU breached the contract when SDS did not inform Plaintiff of the new deadline for her Assignment, and then expelled Plaintiff claiming that Plaintiff submitted the Assignment late.

75. As a result of GCU's breach of contract, Plaintiff is entitled to compensatory damages in an amount to be determined at trial.

---

[1] GCU Student Handbook, page 29.
[2] *Id.* at 162.
[3] *Id.* at 163.
[4] *Id.* at 51.

## IV.         FOURTH CAUSE OF ACTION
## Breach of Duty of Good Faith and Fair Dealing

76. Plaintiff adopts, by reference, the preceding Factual Allegations (¶¶10-51).

77. Plaintiff entered a consumer transaction with Defendant GCU for the purchase of services intended and represented to be subject to the strategic directions, goals, and values of GCU.

78. Every consumer transaction imposes upon each party a duty of good faith and fair dealing in its performance and enforcement.

79. Under the contract, Plaintiff has performed all the conditions required of her under the transaction.

80. Defendant's conduct, as alleged above, constitutes a breach of its duty of good faith and fair dealing, in that, among other things, it fraudulently induced Plaintiff to enroll in Defendant's nursing program, which Defendant GCU claimed would follow the standards of grading, services, and non-discrimination outlined in the contract, when Defendant GCU knew or should have known that the program would not actually do so.

81. Defendant GCU knew or should have known that the Defendant's online portal "LoudCloud" and the services of the SDS did not uphold the conditions required of them on their end of the contractual agreement, which resulted in low

quality student services and unfair grading and dismissal practices with less than adequate protection for its students.

82. As a result of Defendant GCU's conduct and/or conduct of their employees, Plaintiff has damages in an amount to be determined at trial.

## V.     FIFTH CAUSE OF ACTION

### Deceptive and Unfair Trade Practices in Violation of § 44-1522 of the Arizona Unfair Business Practice Act

83. Plaintiff adopts by reference the preceding Factual Allegations (¶¶10-51).

84. By holding itself out as a university that does not discriminate against students with disabilities, and as a university that holds its employees accountable for maintaining educational programs that are responsive to a wide range of student needs, GCU made intentional misrepresentations, deceptive acts, and false promises about the true nature of its nursing program.

85. Defendant GCU knew or should have known of Plaintiff's disability, which makes Plaintiff's immune system more vulnerable than that of an average student. Despite Defendant knowing of Plaintiff's disability, Defendant discriminated against Plaintiff when Defendant refused to provide adequate time for

Plaintiff to submit the Assignment when Plaintiff was going through serious health issues which were due to Plaintiff's disability.

86. Defendant also discriminated against Plaintiff when the school authorities decided to uphold Plaintiff's expulsion even though Defendant knew that the only reason why Plaintiff failed the class was due to Plaintiff's disability.

87. Defendant usurps public policy to not discriminate against people with disabilities. In doing so, Defendant has caused significant damages to its students with disabilities.

88. Defendant induced students with disabilities to attend GCU by falsely representing that GCU would not discriminate against students with disabilities. By discriminating against students with disabilities despite GCU's express promise to not do so, GCU engaged in deceptive and unfair trade practices.

89. Plaintiff suffered and continues to suffer financial losses due to Defendant's deceptive and unfair trade practices.

## VI. SIXTH CAUSE OF ACTION
### Negligence

90. Plaintiff adopts by reference the preceding Factual Allegations (¶¶10-51).

91. Defendant GCU was negligent in performing its duties and failed, neglected, and/or refused to discharge its duties properly and fully by, among other things:

a) Failing to notify Plaintiff of the new deadline for her Assignment.

b) Erroneously holding Plaintiff's Assignment as late when Plaintiff was never notified of the new deadline.

c) Failing to provide Plaintiff with adequate time for her to turn in the Assignment when she was severely ill due to Plaintiff's disability.

d) Failing to assure that Defendant's staff did not discriminate against a student with a disability.

e) Failing to assure, for a significant amount of time, that Defendant's online portal LoudCloud was properly functioning.

f) Failing to assure LoudCloud was displaying correct grades before allowing Plaintiff to sign up for the following semester.

g) Creating policies, patterns, practices, and customs of not providing reasonable services to students with disabilities.

h) Failing to adequately train and supervise GCU personnel to properly provide extensions to students contacting the SDS.

92. By its negligent conduct, Defendant GCU has inflicted extreme and severe emotional distress on Plaintiff, who is confronted with an inability to

complete her education, practice her chosen profession, earn a living, provide for her family, and to pay her mounting student loan debts – resulting in significant losses due to GCU's aforementioned conduct.

93. Defendant GCU was put on notice of the negligent conduct of its employees but failed to assist Plaintiff.

94. All employees acted within the scope of their employment in their acts towards Plaintiff, thus Defendant GCU is vicariously liable for the damages arising from the tortious acts of its employees.

95. The growing emotional, psychological, and physical distress suffered by Plaintiff was caused directly and proximately by the negligent conduct of Defendant GCU and its employees. Furthermore, Plaintiff suffered and continues to suffer financial losses due to Defendant's negligent conduct.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Court grant her relief as follows:

1. Compensatory damages for financial loss, mental anguish, and emotional distress;

2. Punitive damages against Defendant;

3. Attorneys' fees;

4. Costs of the suit;

5. Injunctive relief against Defendant, instructing Defendant to change Plaintiff's grade to a passing grade and have Plaintiff readmitted to GCU so that she can finish her nursing degree.

6. Such other relief as the Court may deem proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury on all issues stated in this action.

Date: April 4, 2022                                   Respectfully Submitted,

Keith Altman, Esq.
Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com
*Attorneys for Plaintiff*