Robert B. Zelms, AZ Bar No. 018956
rzelms@zelmserlich.com
Nishan J. Wilde, AZ Bar No. 031447
nwilde@zelmserlich.com
Direct: (623) 250-0244
**ZELMS ERLICH & MACK**
11811 N. Tatum Blvd., Suite 3031
Phoenix, Arizona 85028
Main: (480) 608-2114

*Attorneys for Defendant Grand Canyon University*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Cassidy Scruggs,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Grand Canyon University,<br><br>　　　　Defendant. | Case No. 2:22-cv-00534-MTL<br><br>**ANSWER OF GRAND CANYON UNIVERSITY**<br><br>(Jury Trial Requested) |

Defendant Grand Canyon University ("GCU"), by and through counsel undersigned, hereby responds to Plaintiff's Complaint as follows:

1. Answering Paragraph 1 of the Complaint, GCU denies any liability for violations of Title III of the Americans with Disabilities Act, for violations of Section 504 of the Rehabilitation Act of 1973, for breach of contract, for breach of duty of good faith and fair dealing, for violations of the Arizona Unfair Business Practices Act, or for negligence. GCU denies that Plaintiff is entitled to any injunctive relief.

## **PARTIES**

2. Answering Paragraph 2 of the Complaint, GCU denies the allegations in Paragraph 2 of the Complaint.

1

3.	Answering Paragraph 3 of the Complaint, GCU admits that Plaintiff is a former student of GCU. As to the remaining allegations in Paragraph 3, GCU lacks sufficient information or knowledge to either admit or deny the allegations, and therefore, must deny them.

## JURISDICTION & VENUE

4.	Answering Paragraph 4 of the Complaint, GCU denies that all of the causes of action arise under the laws of the United States.

5.	Answering Paragraph 5 of the Complaint, GCU denies that all of the causes of action arise under federal statutes.

6.	Answering Paragraph 6 of the Complaint, GCU lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 6 of the Complaint, and therefore, must deny them.

7.	Answering Paragraph 7 of the Complaint, GCU admits that its principal operations are in Phoenix, Arizona. GCU denies it committed any omissions in this matter. As for the remaining allegations in Paragraph 7 of the Complaint, GCU lacks sufficient information or knowledge to admit or deny them, and therefore, must deny them.

8.	Answering Paragraph 8 of the Complaint, GCU admits that this venue is proper.

9.	Answering Paragraph 9 of the Complaint, GCU lacks sufficient information or knowledge to admit that this Court has supplemental jurisdiction over the state law claims. However, GCU does not object to this Court exercising jurisdiction over the claims in the Complaint.

## FACTUAL ALLEGATIONS

10.	Answering Paragraph 10 of the Complaint, GCU admits the allegations in Paragraph 10 of the Complaint.

11.	Answering Paragraph 11 of the Complaint, GCU lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 11, and therefore, must deny the allegations.

2

12. Answering Paragraph 12 of the Complaint, GCU lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 12, and therefore, must deny the allegations.

13. Answering Paragraph 13 of the Complaint, GCU lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 13, and therefore, must deny the allegations.

14. Answering Paragraph 14 of the Complaint, GCU lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 14, and therefore, must deny the allegations.

15. Answering Paragraph 15 of the Complaint, GCU lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 15, and therefore, must deny the allegations.

16. Answering Paragraph 16 of the Complaint, GCU lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 16, and therefore, must deny the allegations.

17. Answering Paragraph 17 of the Complaint, GCU states that GCU received several payments from "outside scholarship," and three checks were labeled from NCCS. As for the remaining allegations in Paragraph 17, GCU lacks sufficient information or knowledge to admit or deny the allegations, and therefore, must deny the allegations.

18. Answering Paragraph 18 of the Complaint, GCU lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 18, and therefore, must deny the allegations.

19. Answering Paragraph 19 of the Complaint, GCU admits the allegations in Paragraph 19 of the Complaint.

20. Answering Paragraph 20 of the Complaint, GCU lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 20, and therefore, must deny the allegations.

21. Answering Paragraph 21 of the Complaint, GCU admits that Plaintiff had a

bout of strep throat in November of 2020. However, the fact that Plaintiff had strep throat does not support Plaintiff's causes of action. In addition, the documentation submitted by Plaintiff during the semester to GCU called for a three-day absence for strep throat. Plaintiff was given a grace period of three days.

22. Answering Paragraph 22 of the Complaint, GCU lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 22, and therefore, must deny the allegations. Even if these allegations were true, they do not support Plaintiff's causes of action. The documentation submitted by Plaintiff during the semester to GCU called for a three-day absence for strep throat. Plaintiff was given a grace period of three days.

23. Answering Paragraph 23 of the Complaint, GCU denies the allegations in Paragraph 23 of the Complaint.

24. Answering Paragraph 24 of the Complaint, GCU admits that Plaintiff messaged Professor Mix-McNulty. However, this message was in connection with Plaintiff's bout of strep throat. Plaintiff's message stated that she wanted to give her professor notice that she may have to turn in the assignment "tomorrow instead of today." The fact that Plaintiff had strep throat does not support Plaintiff's causes of action. The documentation submitted by Plaintiff during the semester to GCU called for a three-day absence for strep throat. Plaintiff was given a grace period of three days.

25. Answering Paragraph 25 of the Complaint, GCU states that Plaintiff's instructor told Plaintiff that she needed to email or call SDS, but Plaintiff submitted only an absence verification form, not an accommodation request form. This was in connection with Plaintiff's bout of strep throat. The fact that Plaintiff had strep throat does not support Plaintiff's causes of action. The documentation submitted by Plaintiff during the semester to GCU called for a three-day absence for strep throat. Plaintiff was given a grace period of three days.

26. Answering Paragraph 26 of the Complaint, GCU lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 26, and therefore, must deny the allegations. GCU affirmatively asserts that the fact that Plaintiff had strep throat does not

support Plaintiff's causes of action. The documentation submitted by Plaintiff during the semester to GCU called for a three-day absence for strep throat. Plaintiff was given a grace period of three days.

27. Answering Paragraph 27 of the Complaint, GCU lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 27, and therefore, must deny the allegations. GCU admits that Plaintiff submitted a form to account for not being able to submit the assignment on time. However, the documentation submitted by Plaintiff during the semester to GCU called for a three-day absence for strep throat. Plaintiff was given a grace period of three days.

28. Answering Paragraph 28 of the Complaint, GCU lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 28, and therefore, must deny the allegations. GCU affirmatively asserts that the documentation submitted by Plaintiff during the semester to GCU called for a three-day absence for strep throat. Plaintiff was given a grace period of three days.

29. Answering Paragraph 29 of the Complaint, denies the allegations in Paragraph 29 of the Complaint. GCU affirmatively asserts that the documentation submitted by Plaintiff during the semester to GCU called for a three-day absence for strep throat. Plaintiff was given a grace period of three days.

30. Answering Paragraph 30 of the Complaint, GCU lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 30 of the Complaint, and therefore, must deny the allegations.

31. Answering Paragraph 31 of the Complaint, GCU lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 31 of the Complaint, and therefore, must deny the allegations. GCU affirmatively asserts that there was never a "new deadline" for the assignment. The assignment was always due on November 1, 2021. Students with justified absences are allowed grace periods to submit assignments after the deadline, if they submit absentee verification forms that justify grace periods. The documentation submitted by Plaintiff during the semester to GCU called for a three-day

absence for strep throat. Plaintiff was given a grace period of three days.

32. Answering Paragraph 32 of the Complaint, GCU lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 32 of the Complaint, and therefore, must deny the allegations.

33. Answering Paragraph 33 of the Complaint, GCU lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 33 of the Complaint, and therefore, must deny the allegations.

34. Answering Paragraph 34 of the Complaint, GCU denies the allegations in Paragraph 34 of the Complaint.

35. Answering Paragraph 35 of the Complaint, GCU lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 35 of the Complaint, and therefore, must deny the allegations. GCU affirmatively asserts that there was never a "new deadline" for the assignment. The assignment was always due on November 1, 2021. Students with justified absences are allowed grace periods to submit assignments after the deadline, if they submit absentee verification forms that justify grace periods. The documentation submitted by Plaintiff during the semester to GCU called for a three-day absence for strep throat. Plaintiff was given a grace period of three days.

36. Answering Paragraph 36 of the Complaint, GCU admits that Plaintiff submitted the assignment on November 9, 2020, which was well after the grace period. As for the remaining allegations, GCU lacks sufficient information or knowledge to either admit or deny the allegations, and therefore, must deny the allegations.

37. Answering Paragraph 37 of the Complaint, GCU lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 37 of the Complaint, and therefore, must deny the allegations. GCU affirmatively asserts that there was never a "new deadline" for the assignment. The assignment was always due on November 1, 2021. Students with justified absences are allowed grace periods to submit assignments after the deadline, if they submit absentee verification forms that justify grace periods. The documentation submitted by Plaintiff during the semester to GCU called for a three-day

absence for strep throat. Plaintiff was given a grace period of three day.

38.     Answering Paragraph 38 of the Complaint, GCU lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 38 of the Complaint, and therefore, must deny the allegations.

39.     Answering Paragraph 39 of the Complaint, GCU lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 39 of the Complaint, and therefore, must deny the allegations.

40.     Answering Paragraph 40 of the Complaint, GCU lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 40 of the Complaint, and therefore, must deny the allegations. GCU affirmatively asserts that Plaintiff submitted a form to account for not being able to submit the assignment on time. However, the documentation submitted by Plaintiff during the semester to GCU called for a three-day absence for strep throat. Plaintiff was given a grace period of three days.

41.     Answering Paragraph 41 of the Complaint, GCU admits that Plaintiff was informed that the assignment was late and reduced by 30%. GCU affirmatively asserts that Plaintiff submitted a form to account for not being able to submit the assignment on time. However, the documentation submitted by Plaintiff during the semester to GCU called for a three-day absence for strep throat. Plaintiff was given a grace period of three days. In addition, GCU affirmatively asserts that there was never a "new deadline" for the assignment. The assignment was always due on November 1, 2020. Students with justified absences are allowed grace periods to submit assignments after the deadline, if they submit absentee verification forms that justify grace periods.

42.     Answering Paragraph 42 of the Complaint, GCU lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 42 of the Complaint, and therefore, must deny the allegations.

43.     Answering Paragraph 43 of the Complaint, GCU lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 43 of the Complaint, and therefore, must deny the allegations.

7

44. Answering Paragraph 44 of the Complaint, GCU lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 44 of the Complaint, and therefore, must deny the allegations.

45. Answering Paragraph 45 of the Complaint, GCU lacks sufficient information or knowledge related to LoudCloud allegations, and therefore, must deny those allegations. As related to the remaining allegations in Paragraph 45, GCU denies the allegations. In addition, even if Plaintiff had appealed the grade before the end of the semester, Plaintiff still would have been dismissed from GCU.

46. Answering Paragraph 46 of the Complaint, GCU lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 46 of the Complaint, and therefore, must deny the allegations. GCU affirmatively asserts the 30% reduction in the grade of her assignment was justified due to submitting the assignment late.

47. Answering Paragraph 47 of the Complaint, GCU admits the allegations in Paragraph 47 of the Complaint.

48. Answering Paragraph 48 of the Complaint, GCU admits that Plaintiff submitted a second appeal. GCU denies that Plaintiff had a life-threatening condition while studying at GCU, or that Plaintiff ever informed GCU that she was suffering from a life-threatening condition. GCU affirmatively asserts that during the semester, Plaintiff submitted a form to account for not being able to submit the assignment on time. However, the documentation submitted by Plaintiff called for a three-day absence for strep throat. Plaintiff was given a grace period of three days. GCU affirmatively asserts that there was never a "new deadline" for the assignment. The assignment was always due on November 1, 2021. Students with justified absences are allowed grace periods to submit assignments after the deadline, if they submit absentee verification forms that justify grace periods.

49. Answering Paragraph 49 of the Complaint, GCU admits that Plaintiff's second appeal was denied. As to the remaining allegations in Paragraph 49 of the Complaint, GCU lacks sufficient information or knowledge to either admit or deny the allegations, and therefore, must deny the allegations.

50. Answering Paragraph 50 of the Complaint, GCU denies the allegations in Paragraph 50 of the Complaint.

51. Answering Paragraph 51 of the Complaint, GCU objects to the allegations in Paragraph 51 of the Complaint. Communications between Plaintiff and GCU are not admissible as evidence pursuant to Rule 408. GCU admits that Plaintiff submitted a letter to GCU. As for the remaining allegations in Paragraph 51 of the Complaint, GCU lacks sufficient information or knowledge to either admit or deny the allegations, and therefore, must deny the allegations.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### Discrimination against Plaintiff in Violations of Title III of ADA

52. Answering Paragraph 52 of the Complaint, GCU incorporates by reference all responses herein.

53. Answering Paragraph 53 of the Complaint, GCU admits the allegations in Paragraph 53 of the Complaint.

54. Answering Paragraph 54 of the Complaint, GCU lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 54 of the Complaint, and therefore, must deny the allegations.

55. Answering Paragraph 55 of the Complaint, GCU lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 55 of the Complaint, and therefore, must deny the allegations. GCU affirmatively asserts that Plaintiff is not disabled, Plaintiff did not need reasonable accommodations to complete here coursework, Plaintiff never requested reasonable accommodations to complete her coursework, and GCU did not discriminate against Plaintiff on the basis of any disability.

56. Answering Paragraph 56 of the Complaint, GCU denies that Plaintiff is a person with a disability. As to the remaining allegations in Paragraph 56, GCU lacks sufficient information or knowledge to either admit or deny the allegations, and therefore, must deny the allegations.

57. Answering Paragraph 57 of the Complaint, GCU lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 57 of the Complaint, and therefore, must deny the allegations.

58. Answering Paragraph 58 of the Complaint, GCU lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 58 of the Complaint, and therefore, must deny the allegations. GCU affirmatively asserts that Plaintiff was not disabled, Plaintiff did not need reasonable accommodations to complete here coursework, Plaintiff never requested reasonable accommodations to complete her coursework, and GCU did not discriminate against Plaintiff on the basis of any disability.

59. Answering Paragraph 59 of the Complaint, GCU lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 59 of the Complaint, and therefore, must deny the allegations. GCU affirmatively asserts that Plaintiff was not disabled, Plaintiff did not need reasonable accommodations to complete here coursework, Plaintiff never requested reasonable accommodations to complete her coursework, and GCU did not discriminate against Plaintiff on the basis of any disability.

60. Answering Paragraph 60 of the Complaint, GCU denies the allegations in Paragraph 60 of the Complaint. GCU affirmatively asserts that Plaintiff was not disabled, Plaintiff did not need reasonable accommodations to complete here coursework, Plaintiff never requested reasonable accommodations to complete her coursework, and GCU did not discriminate against Plaintiff on the basis of any disability.

61. Answering Paragraph 61 of the Complaint, GCU denies the allegations in Paragraph 61 of the Complaint. GCU affirmatively asserts that Plaintiff was not disabled, Plaintiff did not need reasonable accommodations to complete here coursework, Plaintiff never requested reasonable accommodations to complete her coursework, and GCU did not discriminate against Plaintiff on the basis of any disability.

62. Answering Paragraph 62 of the Complaint, GCU denies the allegations in Paragraph 62 of the Complaint.

///

## SECOND CAUSE OF ACTION

## Violation of Section 504 of the Rehabilitation Act

63. Answering Paragraph 63 of the Complaint, GCU incorporates by reference all responses herein.

64. Answering Paragraph 64 of the Complaint, GCU admits that it is a private university receiving federal funding. As to the remaining allegations in Paragraph 64, GCU lacks sufficient information or knowledge to either admit or deny the allegations, and therefore, must deny the allegations.

65. Answering Paragraph 65 of the Complaint, GCU lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 65 of the Complaint, and therefore, must deny the allegations. GCU affirmatively asserts that Plaintiff was not disabled, Plaintiff did not need reasonable accommodations to complete here coursework, Plaintiff never requested reasonable accommodations to complete her coursework, and GCU did not discriminate against Plaintiff on the basis of any disability.

66. Answering Paragraph 66 of the Complaint, GCU denies the allegations in Paragraph 66 of the Complaint.

67. Answering Paragraph 67 of the Complaint, GCU denies the allegations in Paragraph 67 of the Complaint.

## THIRD CAUSE OF ACTION

## Breach of Contract

68. Answering Paragraph 68 of the Complaint, GCU incorporates by reference all responses herein.

69. Answering Paragraph 69 of the Complaint, GCU lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 69 of the Complaint, and therefore, must deny the allegations.

70. Answering Paragraph 70 of the Complaint, GCU lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 70 of the Complaint, and

therefore, must deny the allegations.

71. Answering Paragraph 71 of the Complaint, GCU lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 71 of the Complaint, and therefore, must deny the allegations.

72. Answering Paragraph 72 of the Complaint, GCU lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 72 of the Complaint, and therefore, must deny the allegations.

73. Answering Paragraph 73 of the Complaint, GCU denies the allegations in Paragraph 73 of the Complaint. GCU affirmatively asserts that Plaintiff was not disabled, Plaintiff did not need reasonable accommodations to complete here coursework, Plaintiff never requested reasonable accommodations to complete her coursework, and GCU did not discriminate against Plaintiff on the basis of any disability.

74. Answering Paragraph 74 of the Complaint, GCU denies the allegations in Paragraph 74 of the Complaint. GCU affirmatively asserts that there was never a "new deadline" for the assignment. The assignment was always due on November 1, 2021. Students with justified absences are allowed grace periods to submit assignments after the deadline, if they submit absentee verification forms that justify grace periods. The documentation Plaintiff submitted during the semester to GCU called for a three-day absence. Plaintiff was given a grace period of three days.

75. Answering Paragraph 75 of the Complaint, GCU denies the allegations in Paragraph 75 of the Complaint.

**FOURTH CAUSE OF ACTION**

**Breach of Duty of Good Faith and Fair Dealing**

76. Answering Paragraph 76 of the Complaint, GCU incorporates by reference all responses herein.

77. Answering Paragraph 77 of the Complaint, GCU lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 77 of the Complaint, and therefore, must deny the allegations.

12

78. Answering Paragraph 78 of the Complaint, GCU lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 78 of the Complaint, and therefore, must deny the allegations.

79. Answering Paragraph 79 of the Complaint, GCU lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 79 of the Complaint, and therefore, must deny the allegations.

80. Answering Paragraph 80 of the Complaint, GCU denies the allegations in Paragraph 80 of the Complaint.

81. Answering Paragraph 81 of the Complaint, GCU lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 81 of the Complaint, and therefore, must deny the allegations.

82. Answering Paragraph 82 of the Complaint, GCU denies the allegations in Paragraph 82 of the Complaint.

## FIFTH CAUSE OF ACTION

## Deceptive and Unfair Trade Practices in Violation of Section 44-1522 of the Arizona Unfair Business Practice Act

83. Answering Paragraph 83 of the Complaint, GCU incorporates by reference all responses herein.

84. Answering Paragraph 84 of the Complaint, GCU denies the allegations in Paragraph 84 of the Complaint.

85. Answering Paragraph 85 of the Complaint, GCU denies the allegations in Paragraph 85 of the Complaint. GCU affirmatively asserts that Plaintiff was not disabled, Plaintiff did not need reasonable accommodations to complete here coursework, Plaintiff never requested reasonable accommodations to complete her coursework, and GCU did not discriminate against Plaintiff on the basis of any disability.

86. Answering Paragraph 86 of the Complaint, GCU denies the allegations in Paragraph 86 of the Complaint.

87. Answering Paragraph 87 of the Complaint, GCU denies the allegations in

Paragraph 87 of the Complaint.

88. Answering Paragraph 88 of the Complaint, GCU denies the allegations in Paragraph 88 of the Complaint.

89. Answering Paragraph 89 of the Complaint, GCU denies the allegations in Paragraph 89 of the Complaint.

## SIXTH CAUSE OF ACTION
### Negligence

90. Answering Paragraph 90 of the Complaint, GCU incorporates by reference all responses herein.

91. Answering Paragraph 91 of the Complaint, GCU denies the allegations in Paragraph 91 of the Complaint.

92. Answering Paragraph 92 of the Complaint, GCU denies the allegations in Paragraph 92 of the Complaint.

93. Answering Paragraph 93 of the Complaint, GCU denies the allegations in Paragraph 93 of the Complaint.

94. Answering Paragraph 94 of the Complaint, GCU lacks sufficient information or knowledge to either admit or deny the allegations in Paragraph 94 of the Complaint, and therefore, must deny the allegations.

95. Answering Paragraph 95 of the Complaint, GCU denies the allegations in Paragraph 95 of the Complaint.

## **AFFIRMATIVE DEFENSES**

1. GCU incorporates by reference its previous responses herein.

2. Any allegation not specifically admitted to herein is denied.

3. GCU affirmatively alleges that Plaintiff's claims are barred in whole and/or in part, pursuant to one or more of the following doctrines: failure to state a claim, waiver, assumption of risk, statute of limitations, subject to arbitration, estoppel, and all other allowable defenses, including those set forth in Rules 8 and 12, Arizona Rules of Civil Procedure or Rules 8 and 12, Federal Rules of Civil Procedure, which, through substantive

discovery may be supported by the facts that are not yet completely known by GCU

4. GCU affirmatively alleges that Plaintiff was not damaged by the alleged conduct of GCU.

5. GCU affirmatively alleges that there is no causal link between the damages/injuries of Plaintiff and the actions of GCU.

6. GCU affirmatively allege that Plaintiff's injuries and damages were or may have been a result of her sole or contributory negligence or the negligence of others; either of which could bar or reduce their recovery herein if proved, including contributory negligence of any non-party that may have been partially or wholly at fault pursuant to A.R.S. § 12-2506(B) and Rule 26(b)(5), Ariz. R. Civ. P.

7. GCU affirmatively alleges that Plaintiff may have failed to mitigate her damages.

8. GCU affirmatively alleges that Plaintiff was not disabled during her tenure at GCU.

9. GCU affirmatively alleges that Plaintiff did not need special accommodations to complete here coursework.

10. GCU affirmatively alleges that Plaintiff never informed of GCU of any need for special accommodations.

11. GCU affirmatively alleges that GCU did not discriminate on the basis of any disability.

12. GCU affirmatively alleges that Plaintiff was afforded every opportunity to request reasonable accommodations, but did not.

13. GCU affirmatively alleges any and all affirmative defenses to contract claims, including but not limited to mutual mistake, afford and satisfaction, lack of consideration, coercion, duress, unconscionability, fraud, negligent misrepresentation, and material breach.

14. GCU affirmatively alleges that its conduct was reasonable at all times.

WHEREFORE, having fully answered Plaintiff's Complaint, GCU requests the Court to dismiss the same, with prejudice, and award costs and attorneys' fees incurred

herein, pursuant to A.R.S. § 12-341.01, *et seq.,* and for such other and further relief as the Court may deem just and proper.

DATED:  June 13, 2022          **ZELMS ERLICH & MACK**

By: *s/ Nishan J. Wilde*
      Robert B. Zelms
      Nishan J. Wilde
      *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of June, 2022, I electronically filed the foregoing using the CM/ECF system, which served all registered CM/ECF participants.

*s/ Diana Drake*
ddrake@zelmserlich.com