# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cassidy Scruggs, | No. CV-22-00534-PHX-MTL |
| Plaintiff, | **SCHEDULING ORDER** |
| v. | |
| Grand Canyon University, et al., | |
| Defendants. | |

Pursuant to the Joint Case Management Report (Doc. 12),

The Court enters the following Scheduling Order to govern the litigation in this case:

1. <u>Deadline for Joinder, Amending Pleadings, and Filing Supplemental Pleadings</u>.

The deadline for joining parties, filing a motion to amend the pleadings, and filing supplemental pleadings is **January 31, 2023**.

2. <u>Discovery Limitations</u>.

   a. Depositions shall be limited as provided by Rules 30 and 31 of the Federal Rules of Civil Procedure, except each deposition shall be limited two (2) hours, unless the parties agree otherwise. Notwithstanding any provisions of the Federal Rules of Civil Procedure, non-party witnesses shall <u>not</u> be permitted to attend (either physically, electronically, or otherwise) the deposition of any other witness in this case without an order of this Court.

   b. Each side may propound up to 25 interrogatories, including subparts,

25 requests for production of documents, including subparts, and 25 requests for admissions, including subparts. The Federal Rules of Civil Procedure do not permit "general" or "global" objections. The Court will therefore neither consider nor rule on objections that are not specific to the individual interrogatory or request propounded.

      c.     If desired, a proposed Joint Stipulated Protective Order must be lodged with the Court no later than **September 2, 2022**.

    3.    <u>Fact Discovery</u>.

The deadline for the completion of fact discovery, including discovery by subpoena, shall be **March 31, 2023**. To ensure compliance with this deadline, the following rules shall apply:

      a.     Depositions: All depositions shall be scheduled to start at least five business days before the discovery deadline.

      b.     Written Discovery: All interrogatories, requests for production of documents, and requests for admissions shall be served at least 45 days before the fact discovery deadline.

      c.     Notwithstanding Local Rule of Civil Procedure 7.3, the parties may mutually agree in writing, without Court approval, to extend the time provided for discovery responses in Rules 33, 34, and 36 of the Federal Rules of Civil Procedure. Such agreed-upon extensions, however, shall not alter or extend the deadlines set forth in this Order.

    4.    <u>Expert Disclosure and Discovery</u>.

      a.     Plaintiff shall provide full and complete expert disclosures, as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure, no later than **April 14, 2023**.

      b.     Defendant shall provide full and complete expert disclosures, as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure, no later than **May 14, 2023**.

c. Plaintiff shall make rebuttal expert disclosures, if any, no later than **May 28, 2023**. Rebuttal experts shall be limited to responding to opinions stated by the opposing party's experts.

d. Disclosures under Rule 26(a)(2)(A) must include the identities of treating physicians and other witnesses who will provide testimony under Federal Rules of Evidence 702, 703, or 705, but who are not required to provide expert reports under Rule 26(a)(2)(B). Rule 26(a)(2)(C) disclosures are required for such witnesses on the disclosure deadlines set forth above. Rule 26(a)(2)(C) disclosures must identify not only the subjects on which the witness will testify, but must also provide a summary of the facts and opinions to which the witness will testify. The summary must be sufficiently detailed to provide fair notice of what the witness will say at trial.[1]

e. No depositions of any expert witnesses shall occur before the aforementioned disclosures concerning expert witnesses are made.

f. Expert depositions shall be completed no later than **June 30, 2023**. As with fact witness depositions, expert depositions shall be scheduled to commence at least five calendar days before the deadline.

g. As stated in the Advisory Committee Notes to Rule 26 of the Federal Rules of Civil Procedure (1993 amendment), expert reports under Rule 26(a)(2)(B) must set forth "the testimony the witness is expected to present during direct examination, together with the reasons therefor." Full and complete disclosures of such testimony are required on the dates set forth above. Absent extraordinary circumstances, parties will not be permitted to supplement expert reports after these dates. The Court notes, however, that it may permit parties to present opinions of their experts that were elicited by opposing counsel during depositions of the experts. Counsel should depose experts with this fact in

---

[1] In *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817 (9th Cir. 2011), the Ninth Circuit held that "a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment." *Id.* at 826. Thus, for opinions formed outside the course of treatment, Rule 26(a)(2)(B) written reports are required. *Id.* For opinions formed during the course of treatment, Rule 26(a)(2)(C) disclosures will suffice.

mind.

        h.      Each side shall be limited to one retained or specifically employed expert witness per issue.

    5.      <u>Discovery Disputes</u>.

        a.      Except as otherwise specified in this Paragraph 5, motions to compel discovery shall be governed by Rule 37 of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 37.1. In the course of written discovery, if a discovery dispute arises and cannot be resolved despite sincere efforts to resolve the matter through personal consultation (in person or by telephone), the parties shall <u>jointly</u> file (1) a joint motion containing a written summary of the dispute, not to exceed three pages, with explanation of the position taken by each party, and (2) a <u>joint</u> written certification that counsel or the parties have attempted to resolve the matter through personal consultation and sincere efforts as required by Local Rule of Civil Procedure 7.2(j). If the opposing party has refused to personally consult, the party seeking relief shall describe the efforts made to obtain personal consultation. Upon review of the joint motion, the Court may set a telephonic conference or in-person proceeding, order supplemental briefing, or decide the dispute by relying on the joint motion.

        b.      If a discovery dispute arises in the course of a deposition and requires an immediate ruling of the Court, the parties shall jointly telephone the Court to request a telephone conference regarding the dispute.

        c.      Absent extraordinary circumstances, the Court will not entertain fact discovery disputes after the deadline for completion of fact discovery, and will not entertain expert discovery disputes after the deadline for completion of expert discovery. Delay in presenting discovery disputes for resolution is not a basis for extending discovery deadlines.

        d.      The parties are strongly encouraged to resolve discovery disputes mutually and without expending judicial resources. To that end, and under the appropriate

circumstances, the Court will give serious consideration to the payment of expenses as provided for in Rule 37(a)(5) of the Federal Rules of Civil Procedure.

  6. <u>Dispositive Motions</u>.

    a. Dispositive motions and motions challenging expert opinion testimony shall be filed no later than **July 14, 2023**.

    b. No party or parties represented by at least one of the same counsel shall file more than one motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure without leave of the Court.

    c. Local Rule of Civil Procedure 56.1 is suspended, except for subsection (d). The Court will decide summary judgment motions under Federal Rule of Civil Procedure 56 only. The parties may <u>not</u> file separate statements of facts or separate controverting statements of facts, but instead must include all facts in the motion, response, or reply itself. All evidence to support a motion or response must be attached to the motion or response. The evidence may include only relevant excerpts rather than full documents. No new evidence may be submitted with a reply. A reply may cite only evidence attached to the motion or response. No party shall presume that the Court will scour the record for facts or theories that might support either party's case. *See Claar v. Burlington N. R.R. Co.*, 29 F.3d 499, 504 (9th Cir. 1994). The Court will rely solely upon the attached evidence to verify facts asserted in the motion, response, or reply. Each citation to evidence to support a fact <u>must</u> include a pin citation to at least one page that proves that fact. Because no separate controverting statement of facts will be permitted, the responding party must carefully address all material facts raised in the motion. Likewise, the reply must carefully address all material facts raised in the response. Any fact that is not addressed may be deemed by the Court to be uncontested.

    d. Organizationally, immediately following the document containing the motion and supporting memorandum, the moving party shall attach a <u>numerical</u> table of contents. Each piece of evidence listed in the table of contents shall be attached to the table

of contents in numerical order. Immediately following the document containing the response and supporting memorandum, the responding party shall attach an alphabetical table of contents. Each piece of evidence listed in the table of contents shall be attached to the table of contents in alphabetical order. By way of example, citations to exhibits attached to the motion would be "(Ex. 1 at 7)" and citations to exhibits attached to the response would be "(Ex. D at 3)."

    e.  A party desiring oral argument shall place the words "Oral Argument Requested" immediately below the title of the motion pursuant to Local Rule of Civil Procedure 7.2(f). Where oral argument does not aid the Court's decision, the Court may decline the request and decide the motion without holding oral argument. If the request is granted, the Court will issue a minute entry informing the parties of the argument date and time. The minute entry may specify particular issues that the Court deems worthy of attention.

  7.  <u>Motions for Attorneys' Fees</u>.

All motions for an award of attorneys' fees shall be accompanied by an electronic Microsoft Excel spreadsheet, to be emailed to the Court and opposing counsel, containing an itemized statement of legal services with all information required by Local Rule 54.2(e)(1). This spreadsheet shall be organized with rows and columns and shall automatically total the amount of fees requested to enable the Court to efficiently review and recompute, if needed, the total amount of any award after disallowing any individual billing entries. This spreadsheet does not relieve the moving party of its burden under Local Rule 54.2(d) to attach all necessary supporting documentation to its motion. A party opposing a motion for attorneys' fees shall email to the Court and opposing counsel a copy of the moving party's spreadsheet, adding any objections to each contested billing entry (next to each row, in an additional column) to enable the Court to efficiently review the objections. This spreadsheet does not relieve the non-moving party of the requirements of Local Rule 54.2(f) concerning its responsive memorandum.

8. <u>Good Faith Settlement Talks</u>.

All parties and their counsel shall meet in person and engage in good faith settlement talks no later than **April 12, 2023**. Upon completion of such settlement talks, and in no event later than five working days after the deadline set forth in the preceding sentence, the parties shall file with the Court a joint report on settlement talks executed by or on behalf of all counsel. The report shall inform the Court that good faith settlement talks have been held and shall report on the outcome of such talks. The parties shall indicate whether assistance from the Court is needed in further settlement efforts. The Court will set a settlement conference before a Magistrate Judge upon request of all parties. The parties shall promptly notify the Court if settlement is reached.

9. <u>Briefing Requirements</u>.

a. All memoranda filed with the Court shall comply with Local Rule of Civil Procedure 7.1(b) requiring text no smaller than 13-point font in text and footnotes for proportional font sizes, and no smaller than 10 pitch in text and footnotes for fixed-pitch type sizes.

b. Citations in support of any assertion in the text shall be included in the text, not in footnotes.

c. A party moving for an extension of time, enlargement of page limitations, leave to amend, or leave to file a document under seal shall indicate in the motion whether the non-movant opposes the request and intends to file a written response. If the non-movant has refused to provide a position on the request, the moving party shall describe the efforts made to consult.

10. <u>Pre-motion Conference</u>.

If the parties or the Court believe it may be assistive, the Court may hold a conference with the parties before motions for summary judgment are filed. The purpose of the conference would be to narrow issues and focus the briefing. In those cases, the parties shall exchange two-page letters describing any anticipated motions for summary

judgment and responses, identifying the issues and claims on which summary judgment will be sought, and the basis for the motions and response. The deadline for the parties to file these letters with the Court shall be 60 days prior to the dispositive motion deadline. Once filed, the parties shall call the Court the same day to schedule a time for a pre-motion Conference.

11. <u>Deadline for Notice of Readiness for Final Pretrial Conference</u>.

The Plaintiff(s) shall notify the Court that the parties are ready for scheduling a Final Pretrial Conference pursuant to Rule 16(e) of the Federal Rules of Civil Procedure. The Plaintiff(s) shall file and serve this notice within seven days after the dispositive motion deadline if no dispositive motions are pending on that date. If dispositive motions are pending, Plaintiff(s) shall file and serve such notice within seven days after the resolution of the dispositive motions. The Court will then issue an Order Setting Final Pretrial Conference.

12. <u>The Deadlines Are Real</u>.

The Court will, absent a showing of good cause, enforce the deadlines set forth in this Order, and the parties should plan their litigation activities accordingly. Failure to meet any of the deadlines in this Order or in the Federal or Local Rules of Civil Procedure without substantial justification may result in sanctions, including dismissal of the action or entry of default.

13. <u>Requirement for Paper Courtesy Copies</u>.

A paper courtesy copy of dispositive motions and any responses or replies thereto shall be either postmarked and mailed to the Judge or hand-delivered *to the Judge's mailbox* located in the Clerk's office by the next business day after the electronic filing. Please do not attempt to deliver documents to the Judge's chambers. A copy of the face page of the Notice of Electronic Filing shall be appended to the last page of the courtesy copy. Courtesy copies of documents too large for stapling must be bound with a metal prong fastener at the top center of the document or submitted in three-ring binders.

Dated this 15th day of July, 2022.

Michael T. Liburdi
United States District Judge