# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Cassidy Scruggs, | Case No. 2:22-cv-00534-MTL |
| Plaintiff, | |
| v. | **PROTECTIVE ORDER** |
| Grand Canyon University, | |
| Defendant. | |

Pursuant to the Parties' Stipulation for Protective Order, and good cause appearing, the Court finds that a protective order regarding discovery and use of confidential documents is necessary because certain information and document subject to disclosure and sought through discovery is personal, confidential, and proprietary in nature.

**IT IS HEREBY ORDERED** that the following procedures shall apply to confidential documents and information produced or disclosed in this case:

**I.   CONFIDENTIAL INFORMATION**

   **A.   Definition of "Confidential" and "Confidential – Attorneys' Eyes Only" Information**

"Confidential Information" means any non-public testimony, information, documents or data that the designating Party of third-party discovery respondent in good faith believes contains confidential, sensitive, business or proprietary information. "Confidential – Attorneys' Eyes Only Information" means any Confidential information containing highly sensitive and/or proprietary, strategic planning, customer, technical or trade secret information that the designating Party or third-party respondent in good faith

believes would cause severe damage if it were to be disclosed to another party and need not be disclosed to any other party for the purposes of the above-captioned litigation.

Confidential – Attorneys' Eyes Only Information shall not be disclosed to any other person or entity, including any Party to this litigation, except as provided herein. Confidential Information and Confidential – Attorneys' Eyes Only Information shall be used only within the above-captioned litigation. The Parties' attorneys may provide the Confidential Information and/or Confidential – Attorneys' Eyes Only Information only to 1) individuals employed by the Parties' attorneys, and 2) expert witnesses, and their employees, retained by the Parties for the above-captioned litigation, and shall not be disseminated by the Parties' attorneys to any other third party. Confidential Information and Confidential – Attorneys' Eyes Only information may include any document or information produced, disclosed or exchanged in accordance with the Federal Rules of Civil Procedure, or by agreement, including, without limitation, initial and supplemental disclosures, interrogatory answers, responses to requests for admission, responses to subpoenas, responses to requests for production and any other documents or information produced in response to discovery requests, or contained in deposition testimony and exhibits, pleadings, motions, briefs, affidavits, declarations and any other discovery or disclosure made in this litigation.

Confidential Information and Confidential – Attorneys' Eyes Only Information does not include: (1) any information which a party lawfully possessed, obtained or developed other than through discovery in this action; or (2) any information that is or becomes available to the public through no act, or failure to act, attributable to the receiving party or its counsel.

**B.     Designation of Confidential Information or Confidential – Attorneys' Eyes Only Information**

The Parties and third-party discovery respondents may designate Confidential Information, Confidential Information – Experts' Eyes Only Confidential Information – Experts' Eyes Only in this action by stamping, labeling or other otherwise appropriately

2

marking the documents or information as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – EXPERTS' EYES ONLY" as appropriate.

A party must designate information as Confidential Information, Confidential Information – Outside Attorneys' Eyes Only or Confidential Information – Experts' Eyes Only prior to producing the information to the other party. A party may remedy an inadvertent failure to designate produced documents or other materials by providing a supplemental notice and designation to the other party within thirty (30) business days after the producing party first learns that it inadvertently failed to designate the information as Confidential. Following such notice, the identified materials shall be fully subject to this Protective Order; however, there shall be no sanction for any use or disclosure of such information prior to the supplemental notice and designation.

With respect to discovery responses that contain or constitute Confidential Information, Confidential Information – Outside Attorneys' Eyes Only or Confidential Information – Experts' Eyes Only, the responding party shall include a "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – EXPERTS' EYES ONLY" designation, as appropriate, on the first page of the discovery response, and on each page of the document containing Confidential Information, Confidential Information – Outside Attorneys' Eyes Only or Confidential Information – Experts' Eyes Only, or if electronic in a form that cannot be marked as Confidential on each page, on the thumb-drive or disc being disclosed or on the disclosure statement through which the information is being disclosed.

Any party may designate any portion of a deposition as Confidential by notifying the other parties on the record during the deposition or in writing within thirty (30) calendar days after receipt of the deposition transcript. All deposition transcripts shall be treated as "Confidential" during this thirty day period. Each court reporter and videographer participating in any deposition in this litigation shall be informed of, and provided with a copy of, this Protective Order. When directed, each court reporter shall designate those

portions of the deposition transcript(s) with the legend "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER" and CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY" as appropriate.

Any party may designate any documents produced by any third party in response to a subpoena as Confidential or Confidential – Attorneys' Eyes Only by notifying the other parties in writing within thirty (30) calendar days after the documents are produced to all parties. The Party issuing the subpoena and receiving the documents in response to the subpoena shall immediately distribute the produced records to all other Parties. The thirty day time period to designate as Confidential or Confidential – Attorneys' Eyes Only does not apply to any Party until that Party has received a copy of the documents produced in response to the subpoena. All documents produced in response to a subpoena shall be treated as "Confidential – Attorneys' Eyes Only" during the thirty day period.

### C. Related Documents

The terms of this Protective Order shall extend to and protect (1) all copies, extracts and complete or partial summaries prepared from documents or information designated as Confidential and/or Confidential –Attorneys' Eyes Only; (2) portions of deposition transcripts that contain or reflect the content of any documents or information designated as Confidential and/or Confidential –Attorneys' Eyes Only; (3) portions of briefs, memoranda or any other writing filed with the Court and any exhibits thereto that contain or reflect the content of any documents or information designated as Confidential and/or Confidential –Attorneys' Eyes Only; and (4) designated testimony taken at a hearing or other proceedings that contains or reflects the content of any documents or information designated as Confidential and/or Confidential –Attorneys' Eyes Only.

## II. CHALLENGES TO DESIGNATION/USE OF INFORMATION

Confidential – Attorneys' Eyes Only: A party may challenge a designation Party's designation of information as Confidential – Attorneys' Eyes Only prior to this action being resolved or 30 days prior to any final trial in this case, whichever is earlier. If any of the parties challenges the confidentiality designations of any Confidential –Attorneys' Eyes

Only, the party shall provide the designating party with written notice of its challenge. The parties shall meet and confer in good faith within seven (7) calendar days of the notice and utilize their best efforts to attempt to resolve the dispute. If the parties are unable to resolve the dispute within seven (7) calendar days of the meet and confer, the designating party may seek appropriate relief from the Court. If a designating party seeks relief from the Court within seven (7) calendar days of the meet and confer, the protections of this Protective Order will continue to apply to the designated information until the matter is decided by the Court.

Confidential: A party may challenge a designation Party's designation of information as Confidential prior to this action being resolved or 30 days prior to any final trial in this case, whichever is earlier. If any of the parties challenges the confidentiality designations of any Confidential and intends to disclose the document to a person who is not subject to this Protective Order, the party shall provide the designating party with written notice of its challenge and intent to disclose the document to a person who is not subject to this Protective Order. The parties shall meet and confer in good faith within seven (7) calendar days of the notice and utilize their best efforts to attempt to resolve the dispute. If the parties are unable to resolve the dispute within seven (7) calendar days of the meet and confer, the designating party may seek appropriate relief from the Court. If a designating party seeks relief from the Court within seven (7) calendar days of the meet and confer, the protections of this Protective Order will continue to apply to the designated information until the matter is decided by the Court. Requests for Confidential or Confidential – Attorneys' Eyes Only by third-parties is governed by the procedures set forth in Section III.D of this Protective Order.

Court Submissions: If a Party intends to file any document in this action that contains or disclosed the substance or content of information designated as Confidential and/or Confidential – Attorneys' Eyes Only pursuant to this Protective Order, the Party shall provide the designating Party with written notice of its intent to file the document thirty (30) days prior to filing the document. The parties shall meet and confer within seven (7)

calendar days of the notice and utilize their best efforts to attempt to resolve the dispute. A designating party may request that the document be sealed or redacted pursuant to Federal Rules of Civil Procedure 5.2, as applicable.

## III. ACCESS TO AND USE OF INFORMATION.

### A. Use of Confidential and Confidential –Attorneys' Eyes Only Information for Litigation Purposes Only

All Confidential and Confidential –Attorneys' Eyes Only received in this action, whether through disclosures, discovery or otherwise, shall be used solely for purposes of this action and not for any other purpose.

### B. Access to Confidential Information.

Information designated as Confidential, and any information or materials derived therefrom, shall only be disclosed to, made available to or used by:

1. The parties and Counsel for the parties and their employees, contractors or consultants, to whom disclosure of Confidential Information is necessary for purposes of the litigation;
2. The Court and its personnel in any proceeding in this action;
3. The author or identified recipient of the Confidential Information;
4. The officer taking, reporting or videotaping a deposition and employees of such officer to the extent necessary to prepare the transcript or video of the deposition;
5. Upon execution of an Acknowledgement in the form attached as Exhibit A, the officers, directors or employees of corporate parties who are assisting with or evaluating this action;
6. Upon execution of an Acknowledgement in the form attached as Exhibit A, insurers of the parties who require the information to assist in or evaluate this action;
7. Upon execution of an Acknowledgement in the form attached as Exhibit A, independent experts who have been retained by the parties in this action or

their counsel of record;

8. Upon execution of an Acknowledgement in the form attached as Exhibit A, graphics, design, jury consultant or focus group services retained by the parties or counsel;

9. Upon execution of an Acknowledgement in the form attached as Exhibit A, any third-party mediator jointly selected by the parties or appointed by the Court; and

10. Any other person to whom the designating party agrees in writing.

Upon request and for good cause shown, copies of Exhibit A, as executed by persons receiving Confidential Information (except for non-testifying expert consultants), shall be made available for inspection by counsel of record in this action.

**C.   Access to Confidential – Attorneys' Eyes Only Information**

Information designated as Confidential – Attorneys' Eyes Only, and any information or materials derived therefrom, shall only be disclosed to, made available to or used by:

1. Counsel of record in this action, including those attorneys admitted *pro hac vice*, and their employees or contractors, to whom disclosure of Confidential – Attorneys' Eyes Only Information is necessary for purposes of the litigation;

2. The Court and its personnel in any proceeding in this litigation;

3. The author or identified recipient of the Confidential – Attorneys' Eyes Only Information;

4. The officer taking, reporting or videotaping a deposition and employees of such officer to the extent necessary to prepare the transcript or video of the deposition;

5. Upon execution of an Acknowledgement in the form attached as Exhibit B, independent experts who have been retained by the parties in this action or their counsel of record;

6. Upon execution of an Acknowledgement in the form attached as Exhibit B,

        graphics, design, jury consultant or focus group services retained by the parties or counsel;

7. Upon execution of an Acknowledgement in the form attached as Exhibit B, any third-party mediator jointly selected by the parties or appointed by the Court; and

8. Any other person to whom the designating party agrees in writing.

Upon request and for good cause shown, copies of Exhibit B, as executed by persons receiving Confidential – Attorneys' Eyes Only Information (except for non-testifying expert consultants), shall be made available for inspection by counsel of record in this action.

### D. Subpoena for Confidential and/or Confidential –Attorneys' Eyes Only Information.

If any Confidential or Confidential – Attorneys' Eyes Only Information governed by this Protective Order is subpoenaed or requested from a party who has received such Confidential or Confidential – Attorneys' Eyes Only Information pursuant to this Protective Order by a court, administrative body, legislative body or any other person or entity purporting to have authority to require the production of such information, the person to whom the subpoena or request is directed shall give immediate written notice of the subpoena or request to the Party that designated the information and include a copy of the subpoena or request. Upon receipt of the notice specified in this paragraph, the designating party shall be responsible for obtaining any order it believes necessary to prevent disclosure of Confidential and/or Confidential – Attorneys' Eyes Only Information. The person or party to whom the subpoena or request is directed shall not produce any Confidential or Confidential –Attorneys' Eyes Only Information absent: (1) receipt of written notice from the Party that designated the information stating that the party does not object to production of the designated information; (2) final resolution of any objection asserted by the designating Party; or (3) order requiring production issued by any court with jurisdiction over the subpoenaed person or Party. If, however, the designating Party does not respond

or otherwise take any action to obtain an order of protection for the designated information, then the Party in receipt of the subpoena or other request as described above may comply with the subpoena or request pursuant to the applicable rules of civil procedure.

### E.  Filing Protected Materials with the Court

Before filing with the Court any Materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Protected Materials, the party seeking to file such Materials must seek permission of the Court to file the Materials under seal.  Nothing in this order shall be construed as automatically permitting a party to file under seal.  The party seeking leave of the Court shall show "compelling reasons" (where the motion is more than tangentially related to the merits of the case) or "good cause" for filing under seal.  *See Ctr. for Auto Safety v. Chrysler Grp., L.L.C.*, 809 F.3d 1092, 1101 (9th Cir. 2016).  Additionally, such party seeking to file under seal shall, within the applicable deadline, file a redacted, unsealed version of any motion, response or reply if such party is waiting for a ruling from the Court on filing an unredacted, sealed version of the same document.[1]  Further, no portion of the trial of the matter shall be conducted under seal.

## IV.  **CONFIDENTIALITY OF A PARTY'S OWN DOCUMENTS**

Nothing in this Protective Order shall affect the right of the producing or designating Party to disclose to its own officers, directors, employees, consultants or experts, or to any other person, information or documents the party has designated as Confidential or Confidential –Attorneys' Eyes Only Information.

## V.  **TERMINATION OF LITIGATION**

Within sixty (60) calendar days of the final resolution of this action, including any

---

[1] If a party wishes to use the opposing party's confidential designations to support or oppose a motion, the opposing party bears the burden to make the "compelling reasons" showing. In the event the party wishing to use the confidential information anticipates this scenario arising, the party shall initiate a discovery dispute conference call consistent with the terms of the Court's Rule 16 Scheduling Order at least five (5) business days before the due date of the filing which the party wishes to reference the information.

appeal, all persons subject to the terms of this Protective Order shall: (1) destroy or assemble and return to the producing party all Confidential or Confidential – Attorneys' Eyes Only Information; and (2) destroy any outlines, summaries, abstracts, compilations, memoranda or other documents, which constitute, embody, contain or disclose the contents of the Confidential or Confidential –Attorneys' Eyes Only Information; except that counsel of record in this action may retain one archival copy of pleadings and other Court filings, deposition transcripts, deposition exhibits, trial transcripts, trial exhibits, expert reports, correspondence and legal research memoranda and copies of documents produced pursuant to the Protective Order.

The terms of this Protective Order shall survive and remain in full force and effect after the final conclusion or resolution of this action. The Court shall retain jurisdiction over the Parties, their counsel and all persons to whom Confidential or Confidential –Attorneys' Eyes Only Information has been disclosed for the purpose of enforcing the terms of this Protective Order and/or redressing any violation thereof and may impose appropriate sanctions for violation of this Protective Order.

## VI.   PRIVILEGED DISCOVERY MATERIAL

If any Party inadvertently produces or discloses attorney-client privileged communications, attorney work-product or other information or communications protected as privileged under the attorney-client privilege, work-product doctrine, Federal Rules of Evidence, Federal Rules of Civil Procedure, the provisions of Federal Rule of Civil Procedure 26 and Federal Rule of Evidence 502(b) shall apply (collectively, "Privileged Information").

If any Party becomes aware that it has received information that appears to be Privileged Information, that Party shall immediately cease further review of the information at issue and shall immediately notify the producing Party. The producing Party shall promptly review the information at issue. If the producing Party asserts a privilege over the information, or if a producing Party at any time notifies any other party that it has inadvertently produced Privileged Information, the Party in receipt of the information at

issue shall: (1) refrain from reviewing the Privileged Information; and (2) return to the producing party or destroy all copies, including electronic copies, of the Privileged Information.

Any Party may challenge the designation of information as Privileged Information by filing an appropriate motion with the Court. Information designated as Privileged Information shall be treated as Privileged Information under this Protective Order until entry of a final order otherwise, including any final appellate review of such order.

## VII.   ADDITIONAL PROTECTION

Nothing in this Protective Order shall preclude any party from seeking and obtaining, on a sufficient showing, additional protection with respect to the confidentiality of documents or other discovery material. Likewise, nothing in this Protective Order shall preclude a Party from seeking relief from this Protective Order with respect to particular documents or discovery material designated hereunder.

## IX.   MODIFICATION

The terms of this Protective Order may be modified by agreement of the Parties or order of this Court for good cause appearing, upon application by any Party or upon the Court's own order.

DATED:_____

_____
The Honorable

# ATTACHMENT A

ACKNOWLEDGMENT

AND

AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of District Court in and for the District of Arizona in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name:_____

_____     _____
              Date                                                              Signature

## ATTACHMENT B

ACKNOWLEDGMENT

AND

AGREEMENT TO BE BOUND

The undersigned submits to the jurisdiction of District Court in and for the District of Arizona in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information or Confidential – Attorneys' Eyes Only Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information or Confidential – Attorneys' Eyes Only Information to any other person, firm or concern.

      The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name:_____

_____      _____
                Date                                              Signature