Robert B. Zelms, AZ Bar No. 018956
rzelms@zelmserlich.com
Nishan J. Wilde, AZ Bar No. 031447
nwilde@zelmserlich.com
Direct: (623) 250-0244
**ZELMS ERLICH & MACK**
11811 N. Tatum Blvd., Suite 3031
Phoenix, Arizona 85028
Main: (480) 608-2114

*Attorneys for Defendant Grand Canyon University*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Cassidy Scruggs,<br><br>   Plaintiff,<br><br>v.<br><br>Grand Canyon University,<br><br>   Defendant. | Case No.  2:22-cv-00534-MTL<br><br>**REPLY IN SUPPORT OF MOTION FOR ENTRY OF PROTECTIVE ORDER** |

Defendant Grand Canyon University ("GCU"), by and through counsel undersigned, hereby files this Reply in support of the Motion for Entry of Protective Order and respectfully asks the Court to grant the Motion for Entry of Protective Order.

**I.      Introduction**

The proposed Protective Order strikes an appropriate balance between discovery obligations, judicial economy, avoidance of harm to the parties, and public interest in the lawsuit. For these reasons, as fully explained below, the Court should grant the Motion for Entry of Protective Order.

///

///

///

1

## II. GCU is not asking the Court to rule that GCU does not have to disclose documents to Plaintiff, and GCU will comply with its disclosure obligations

Plaintiff seems to be confused about the purpose of the proposed Protective Order. GCU is not asking the Court to rule that GCU does not have to disclose documents to Plaintiff. GCU fully intends to comply with its disclosure obligations under Rule 26(b). Namely, GCU will disclose all relevant, non-privileged documents that are proportional to the needs of the case. However, many of those documents may contain sensitive, confidential information that should not be disclosed to the public, including HIPPA-protected medical information and FERPA-protected student information. The proposed Protective Order is a mechanism by which the parties can comply with Rule 26(b), but also, make sure that confidential information is not disclosed to the public.

## III. The proposed Protective Order will promote judicial economy and save the Court's scarce resources

The alternative to the proposed Protective Order would be incredibly time-consuming and expensive for the parties and the Court. Specifically, the parties would have to file a separate motion for protection for each document that contains sensitive, confidential information. This could result in dozens of unnecessary motions (which include a motion, a response and oral arguments for each motion), and could cause the parties to incur unnecessary litigation costs. It could also result in the Court being forced to use its scarce resources to hear and decide unnecessary motions.

On the other hand, the proposed Protective Order would streamline discovery and allow the Court to devote its resources elsewhere. For example, if a party were to designate documents with student information as "Confidential," the documents would be immediately disclosed to the other party, and that party could use the documents without wasting time and money fighting over dozens of unnecessary motions.

///
///

### IV. If the proposed Protective Order is entered by the Court, the designating party would still bear the burden of showing good cause

Plaintiff's Motion essentially argues that if the proposed Protective Order is entered, a party can avoid showing good cause for protection. This is not correct. The proposed Protective Order provides a mechanism to challenge any confidential designation. Section II states that if a party wants to challenge a confidential designation, the party need only provide written notice of its challenge. *See* **Exhibit 1 to Motion for Entry of Protective Order** (Doc. 16-1) at pp. 4-6. If the parties are unable to resolve the challenge, the burden is on ***the designating party*** to seek relief from the Court and show good cause to uphold the confidential designations. *Id*.

### V. The Motion identifies specific, particularized harm from disclosure of documents

Plaintiff's Response cites *Beckman Indus., Inc. v. International Ins. Co.* for the proposition that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."

The Motion identifies specific, particularized harm from disclosure of documents. The Motion references two ***specific*** categories of documents – (1) medical information and (2) student information. As stated in the Motion, this information is protected by HIPPA and FERPA, respectively. GCU is bound by HIPPA and FERPA and could face fines if any of this information becomes public without prior approval.

### VI. The public has no interest in the documents disclosed between the parties

Plaintiff's Response cites *Glenmede Trust Co. v. Thompson* for the proposition that even if disclosure could cause particularized harm, courts must balance public and private interests in the disclosed information.

This lawsuit is not of public importance. It is not a high-profile or landmark case. The public has absolutely no interest in this lawsuit, or the documents disclosed between the parties. Therefore, the balance of interests is in favor of keeping information out of the public realm.

### VII. Conclusion

The proposed Protective Order is not intended to allow the parties to escape their discovery obligations. On the contrary, the proposed Protective Order is intended to make sure that the parties comply with their discovery obligations, while at the same time make sure that sensitive, confidential information is kept out of the public realm. The proposed Protective Order will also promote judicial economy and avoid unnecessary litigation costs. Therefore, on balance, the proposed Protective Order is beneficial to all parties concerned and should be entered by the Court.

DATED: September 23, 2022          **ZELMS ERLICH & MACK**

By: *s/ Nishan J. Wilde*
    Robert B. Zelms
    Nishan J. Wilde
    *Attorneys for Defendant*

### CERTIFICATE OF SERVICE

I hereby certify that on this 23 day of September, 2022, I electronically filed the foregoing using the CM/ECF system, which served all registered CM/ECF participants.

*s/ Diana Drake*
ddrake@zelmserlich.com

4