Keith Altman, Esq. (*pro hac vice*)
keithaltman@kaltmanlaw.com
**THE LAW OFFICE OF KEITH ALTMAN**
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48331
Telephone: (248) 987-8929

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Cassidy Scruggs,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Grand Canyon University,<br><br>　　　　Defendant. | Case No.  2:22-cv-00534-MTL<br><br>**PLAINTIFF'S NOTICE OF RULE 30(b)(6) DEPOSITION** |

TO:   GRAND CANYON UNIVERSITY

　　Robert B. Zelms
　　rzelms@zelmserlich.com
　　Nishan J. Wilde
　　nwilde@zelmserlich.com
　　ZELMS ERLICH & MACK
　　11811 N. Tatum Blvd., Suite 3031
　　Phoenix, Arizona 85028
　　*Attorneys for Defendant Grand Canyon University*

　　PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 26 and Fed. R. Civ. P. 30(b)(6), Plaintiff, by and through their undersigned attorneys, will take the recorded oral deposition of Grand Canyon University's ("GCU") representative(s) on **March 24, 2023 beginning at 1:00 pm (MDT) via ZOOM**. Pursuant to Fed. R. Civ. P. 30(b)(6), GCU

1  shall designate and produce a designated representative or representatives, as may be
2  required, to testify on behalf of GCU concerning the topics identified in *Exhibit A*, attached
3  hereto. Pursuant to Fed. R. Civ. P. (30)(b)(2), GCU shall produce the documents that relate
4  to the topics set out in *Exhibit A* attached hereto.

6  The deposition will be taken before a person authorized by law to administer oaths,
7  pursuant to Fed. R. Civ. P. 28, and will continue from day-to-day, excluding Sundays and
8  court-recognized holidays, until the examination is completed.

10  Dated: March 6, 2023                    Respectfully Submitted,

12                                          */s/ Keith Altman*
13                                          Keith Altman, Esq.
                                            *Attorney for Plaintiff*

**EXHIBIT A**

Definitions

The following definitions apply to this Notice of Deposition, including those matters set forth in *Exhibit A* hereto, and are deemed to be incorporated into each subject and request for documents listed below:

1. "Identify" or "identity" with respect to persons, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

2. "GCU" "You," or "Your" refers to the defendant GRAND CANYON UNIVERSITY and all partners, directors, officers, employees, servants, agents, attorneys, joint ventures, or other representatives, including all corporations and entities affiliated with GRAND CANYON UNIVERSITY.  The terms shall also include all predecessor business entities, as well as any predecessor's partners, directors, officers, employees, servants, agents, joint ventures, or others acting on their behalf.  The terms shall also include all foreign subsidiaries or foreign parent companies, as well as any foreign subsidiaries' or parent companies' partners, directors, officers, employees, servants, agents, joint ventures or others acting on their behalf.

3. "Plaintiff" means Cassidy Scruggs.

4. "Person" means natural person, as well as corporate and/or governmental entity.

5. "Relating to," "relate to," "referring to," "refer to," "reflecting," "reflect," "with regard to,", "pertaining to," "concerning," or "concern" shall mean evidencing, regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, dealing with, relating to, referring to in any way or manner, or in any way logically or factually, connecting with the matter described in that paragraph of these demands, including documents attached to or used in the preparation of or concerning the preparation of the documents.

6. "Documents" as used in this Request is coextensive with the meaning of the terms "documents" and "tangible things" in FRCP 34, and shall have the broadest possible meaning and interpretation ascribed to the terms "documents" and "tangible things" under FRCP 34.

7. "Or" and "and" will be used interchangeably.

8. Unless otherwise indicated, the relevant time period for the information sought is **August 2019 to present**.

9. The terms "Complaint" or "this matter" shall mean the Complaint filed in the above-captioned action, Case No. 2:22-cv-00534-MTL, on April 4, 2022.

### Deposition Subject Matter

Pursuant to Fed. R. Civ. P. 30(b)(6), TEMPLE shall designate and produce for deposition one or more of its officers, directors, managing agents, or other persons who consent to testify on its behalf concerning the following subject matters:

1. GCU's Policies, rules, regulations, procedures, protocols, guidelines, standards, training manuals, instructions, pamphlets, promotional materials, and/or any other written material regarding the handling of students with disabilities.

2. GCU's record retention policies involving staff discipline, staff training, student complaints, student grades, and student disciplining.

3. GCU's Policies, rules, regulations, procedures, protocols, guidelines, standards, training manuals, instructions, pamphlets, promotional materials, and/or any other written material regarding handling of student complaints of discrimination, retaliation, reprisal and unfair treatment by a professor/staff/administrator.

4. GCU's Policies, rules, regulations, procedures, protocols, guidelines, standards, training manuals, instructions, pamphlets, promotional materials, and/or any other written material provided to students regarding reporting complaints of discrimination, retaliation, reprisal and unfair treatment by a professor/staff/administrator.

5. GCU's Policies, rules, regulations, procedures, protocols, guidelines, standards, training manuals, instructions, pamphlets, promotional materials, and/or any other written material provided to students regarding reporting a disability to GCU.

6. GCU's Policies, rules, regulations, procedures, protocols, guidelines, standards, training manuals, instructions, pamphlets, promotional materials, and/or any other written material regarding determining a student's expulsion from GCU's Nursing Program.

7. Details regarding the process by which GCU decided to expel Plaintiff from GCU's Nursing Program.

8. GCU's administrative structure.
   a. Administrative structure of GCU's Dean's Office;
   b. Administrative structure of GCU's Enrollment Services Office;
   c. Administrative structure of GCU's Student Disability Services Office; and
   d. Administrative structure of GCU's Nursing Program.

10. GCU's Policies, rules, regulations, procedures, protocols, guidelines, standards, training manuals, instructions, pamphlets, promotional materials, and/or any other written material regarding professor grading criteria.

11. GCU's Policies, rules, regulations, procedures, protocols, guidelines, standards, training manuals, instructions, pamphlets, promotional materials, and/or any other written material regarding the process by which students are to report an illness and/or absence.

12. GCU's Policies, rules, regulations, procedures, protocols, guidelines, standards, training manuals, instructions, pamphlets, promotional materials, and/or any other written material regarding how Student Disability Services is to inform students of a newly issued deadline for a course assignment.

13. GCU's knowledge and review of Plaintiff's disabilities, request(s) for accommodations, grades, disciplinary actions, appeals, and expulsion from the Nursing Program.

14. How GCU considered Plaintiff's disabilities and reasons as to why her assignment was tardy when determining to expel her from the Nursing Program.

## Request for Documents

1. Pursuant to FRCP Rule 30(b)(2), GCU shall designate and produce all documents that relate to the items set out in *Exhibit A*. If already produced, GCU's 30(b)(6) representative(s) during the 30(b)(6) deposition shall have knowledge of said production and the documents' corresponding bates numbers.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of March 2023, I served the foregoing document on all Parties to this action via electronic mail.

/s/ *Keith Altman*